The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this Honorable Court. Good morning. We have four argued cases today. The first of these is number 20-1246, Youngblood v. McDonough. Mr. Carpenter. Thank you very much, Your Honor. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Michael Youngblood. The Veterans Court in this case formed a panel to determine whether the multiple service-connected disabilities that are defined as one disability under the provisions of 38 CFR 4.16a may serve as a service-connected disability rated as total for the purposes of establishing eligibility under the provisions of 38 U.S.C. Section 1114 S.1. Mr. Carpenter, let me see if I can understand where we are. If I understand correctly, it's agreed that TDIU can serve as a total disability but only if the TDIU grant results from a single disability rather than the combination of multiple disabilities. Is that correct? That is correct, Your Honor. And your theory is that the single disability is the kidney-related disability? That's correct. That was awarded in 2015. Okay. But my understanding is you didn't argue that before the Veterans Court. Is that correct? No, Your Honor. I was not counseled before the Veterans Court and I will concede that the issue as presented before the Veterans Court could not have been granted under the, or excuse me, was not the argument that is being presented before this court. However, the Veterans Court formed a panel to decide an issue which we believe was already decided by the Veterans Court in Bowie v. Shinseki and that there was not only no reason to go before a panel, but there was clear reason for the Veterans Court to have found that in accordance with the Bowie decision that the board had not explored, no matter when the ratings were made, to determine whether or not there was another combination of disabilities that could have resulted in an award of special monthly compensation under 1114-S. And the Veterans Court, instead of addressing the issue that they said they formed the panel for, concluded that the board had not erred in finding that the appellant was not eligible for a special monthly compensation under 1114-S-1 benefits prior to 2012. And that was a misinterpretation of 1114-S-1 as interpreted by the Veterans Court in Bowie. Bowie relied upon the Secretary's duty to maximize benefits and the fact that they had previously held in the Bradley case that there was no- Mr. Carpenter, this is Judge Moore. I'm having a little bit of trouble following your response to Judge Dyke. You are now arguing that the kidney disorder should be the one disability that qualifies for his TDIU, but below, they found that what qualified him for the TDIU were three disabilities in combination. That's a fact question. How do we revisit that? Because the Veterans Court, in the Bowie case, established a rule of law dependent upon the VA's obligation to maximize benefits to re-evaluate whether or not there was another means of determining eligibility for special monthly compensation under 1114-S-1. Mr. Carpenter, did you argue this to the Veterans Court? No, Your Honor. I did not, nor did the counsel below. Well, I know, but so that's the problem. Bowie and I think it's Bradley, if I remember right, are from 2008 and 2010. So it's not the case that these cases are sort of recent and represent some changed understanding of the law. So these cases are sort of long settled and yet nobody asked the Veterans Court what you're now asking us to do, and it feels like that would be beyond the scope of our jurisdiction. And it well may be, Your Honor. I believe, however, that in this system, the obligation of both the Secretary and the Veterans Court to get it correct under the law supersedes any failure on the part of counsel below to have raised this issue with particularity. Is what you're saying, Mr. Carpenter, is that the duty to maximize benefits, which you say exists, obligated the Board and the Veterans Court to search the record to find this kidney disability and then to attribute the TDIU to the kidney disability so that your client would be eligible for the special monthly compensation. Is that the theory? That is the theory with the exception, Your Honor, that I don't believe that that was the obligation of the Veterans Court to have done that other than to recognize that that was the Board's obligation to do that under the VA's duty to maximize and the prior holding of the that the obligation was upon the Veterans Court, or excuse me, upon the Board, and the Board determined only that the TDIU was not based upon a single disability, and therefore that award, which was made in 2003, did not qualify for consideration of special monthly compensation. But again, Mr. Carpenter, this is Judge Moore again, though I bet you can figure out who it is by the sound of my voice. Anyway, so my concern with this is that you're faulting the Veterans Court for not remanding to the Secretary and saying you should have applied GUI and you, Secretary, should have looked to these other disabilities in order to maximize Mr. Youngblood's benefit. And the problem is you want us to tell the Veterans Court it erred in not doing that, but you never asked it to do that or in any way raise this issue. And we are a court of review, and we review what the Veterans Court did, and I'm kind of confused. How is it that I should find the Veterans Court erred in not deciding in your favor an issue you never raised? Because the Veterans Court had resolved this issue and that it is comparable to a Chenery-type violation in which the Veterans Court is deciding the case on a basis other than the basis made by the Veterans Court. Now, this is not a Chenery situation, to be clear, but this is a situation in which the Veterans Court had controlling case law that required the board to take specific affirmative action to review, to determine, regardless of the order in which the disabilities were made, to determine whether there was any combination that would do that. In this case, the board at 174 simply did not do that. And that was an error of law that should have been corrected by the Veterans Court regardless of what counsel had argued because of the unique nature of 1114-S1 and all special monthly compensation. The court in Bradley made... How far does this duty to maximize benefits extend? Are you saying that in any case, the board has the obligation to search the record to find a possible basis for recovery whether or not the Veteran has actually raised it? Your Honor, I would certainly advocate for that position, but that is not an interpretation of the VA regulations articulated by the court. However, this duty is based upon a regulatory statement of policy that appears in VA regulations at 3.103A and says that it is the Secretary's obligation to award every benefit that is available under law with consideration of the interest of the government or that's not incompatible with the interest of the government. So I would have to say that under the breadth of that statement of policy, that your statement would be correct. Okay. You're in your rebuttal time. Do you want to save it? Yes, Your Honor, I would. Thank you very much. Okay. Thank you. Mr. Grimaldi? Good morning, Your Honors. May it please the court. The Secretary respectfully requests this court dismiss or deny Mr. Youngbro's appeal seeking the earlier effective date for SMC. Your Honors, during your colloquy with my colleague, there was a lot of discussion of waiver and of jurisdiction, and it is our position that there is no jurisdiction. What is your position about the duty to maximize benefits? Does the board have an obligation to search for a basis to award benefits whether or not it's been raised by the veteran? Well, Your Honor, I can discuss what that duty is and also if applied here, what would that mean? I can do both of those for you. Certainly, this court has looked to the question of is it the duty of the VA to look for new claims for pro se veterans originally? It has over time changed to the is the record reasonably raising something, record of briefs reasonably raising something that must be addressed by the board. Recent decisions from this court, such as Scott, have said that it is not universal. There is no duty to address all arguments that could have been made but not were done. So at best here, we're looking to see does the record reasonably raise this issue? Certainly, it does not. The reason for that, Your Honors, if you look at the Bowie case, what's interesting about Bowie is on page 251, there was a finding by the board that the individual, Mr. Bowie, could have received TDIU for a single disability, PTSD, but then they didn't address whether or not that would qualify him for SMC. So there was that statement in there, that record evidence showing there was a possibility of receiving TDIU based on a single disability instead of multiple. That's what the Veterans Court pointed to. But counsel, let's just judge more. If we're looking only at the facts of this case and not concerning ourselves with the jurisdictional flash waiver issue, then let me just ask this. As of 1999, he was rated 60% disabled for the kidney disorder. As of 2005, he was rated 80% disabled for the kidney disorder. He likewise, and then of course, likewise had increasing ratings for the knee disorders throughout the same time period. The TDIU decision was based, as best as I understand it, upon the knee disorders. Why wouldn't a veteran who is deemed 80% disabled by virtue of a kidney disorder, already by the board as of 2005, under the schedule that exists for such ratings, why wouldn't that give rise enough to put the secretary on notice that the secretary ought to consider whether the kidney disorder may act as an independent basis for TDIU? Why isn't that rating for a single disability? And you've got a request for TDIU at the same time. Why isn't that enough under the record to put the secretary on notice that the secretary ought not to just evaluate the combined knee disorders, which clearly got in the TDIU, but ought to also separately consider whether he's entitled to TDIU under the kidney disorder because it would create the opportunity for the SMC payment? Yes, your honor. And that's exactly where I was going with here. If you look at appendix pages 57 and 58, your honor, and what this is, is this the TDIU decision discussing the evidence of unemployability from 2002. The discussion here is how Mr. Youngblood was forced to disability retire from the post office because he couldn't stand because of his knees. And that's on page 57. On page 58, there's the statement by the doctor, Dr. Jernigan, at the end of the first paragraph, it says, the record showed treatment for the veteran for many years and opinion that due to a multitude of medical problems, the veteran was no longer able to work. So the record evidence here shows that it was the knee injury, a multitude of medical injuries that caused him to be certainly is evidence of a severe disability, is not evidence itself of unemployability. And as this court has said in Jackson, to have an implied TDIU claim, there must be some evidence of unemployability. You're asking us to address the fact, to say that there wasn't a basis for arresting the TDIU on the kidney theory, which seems to me not within our jurisdiction to determine. I wonder, and I'll ask Mr. Carpenter this in his reply, I wonder, since he's saying that this duty to maximize is the duty of the board and not the veterans court, wouldn't Mr. argument with the veterans court saying that the board failed to comply with its duty to maximize? And yes, your honor, I agree with you. What I'm discussing or what I was discussing before your question was the fact, something that you should not be looking at or making a determination on, just wanted to answer the question as why I was raising it. But yes, was there an obligation to raise this issue on the part of Mr. Youngblood? Absolutely, there was. Instead, he raised it. Do you agree that there's no obligation on the part of the veterans court to maximize benefits as opposed to the board? It is an obligation of the department of veterans affairs, which would be the board, not the veterans court itself, which is the court, your honor. I would agree with that. Has any case addressed that question? I'm sorry, your honor. I do not know that off the top of my head. Okay. Well, I mean- One, Judge Morgan, one sort of housekeeping type matter. So clearly he seems to be raising what feels like a legal argument, this argument about the extent of the duty to assist and whether it includes a duty to assist in looking at all of the different combinations of disabilities that could have resulted in TDIU because it has a direct impact on SMC. That to me sounds like a legal question. Is it your view that whether such a duty exists is not a legal question? Well, I mean, I'm not sure exactly which of his jurisdictional arguments you're addressing, your honor, because there is the argument that there's jurisdiction under 38 CFR 3103A, and then there's jurisdiction because of the fact that the veterans court ignored Billy. Under the first one, 38 CFR 3103A, your honor, that's a general policy statement that says that VA is going to try to maximize benefits for veterans. And what Mr. Youngblood appears to be arguing is that if a veteran does not receive a benefit he believes he's entitled to, then there's jurisdiction because of a misinterpretation of 3103A. That would be every single case, your honor, in that situation. We'd have a situation where- an analysis of whether the kidney disorder, which at the time was rated as an 80% disabling disorder, might have been a sufficient ground unto itself to conclude TDIU. And you can understand why, right? Because the combination, the multitude of his different illnesses and disabilities clearly put him over the limit. And so the board just didn't stop and say, would any one of these individually do it? Because the multitude clearly did. Because I'm sure at the time, the secretary wasn't contemplating the impact that decision might have or not have on SMC. They were contemplating TDIU. And you clearly qualified for it when you added everything together. But they didn't break it out to decide whether each thing individually or any one thing individually would have been enough. And I think he's saying they had a duty to do that, and maybe it's pursuant to Bowie. But in any event, that sounds like a legal question to me, whether the board or the secretary has a duty to actually look at each thing sort of sympathetically for the veteran, to look at it in different combinations to see what might also have qualified him individually for TDIU, not just sort of all together. That sounds like a legal question. Sort of like the duty to assist, not was it fulfilled in this case, but what is the scope of the duty to assist? And yes, Your Honor, this court has held before that if there was controlling law that was completely ignored below, it is a legal question over which this court has jurisdiction. But this court has also held in Helper v. West that we must look beyond the statement, the characterization, I should say, I think was the correct word, of the appellant to see what the actual crux of the argument here. Okay. So let me cut you off for a sec. Because so I actually think the way, and you can tell no doubt from my questioning, it's not like I don't wear my heart on my sleeve. I do all the time. So you can tell from the nature of the questioning that I think he's raised a legal question. But my problem is I think he's raised a legal question on appeal that he didn't raise in front of the Veterans Court. And I think he's had an opportunity to raise that in front of the Veterans Court. And I just don't think you can ask our court to look at this legal question when he didn't. Because what we really need to do when it comes to legal questions is decide whether the Veterans Court erred in how it decided it. And, you know, the Veterans Court didn't get its shot. So I guess at the end of the day, I think this is a legal question which is waived. Now, here's my question to you. Does that mean we dismiss or we affirm? He has raised a legal question. That would normally put me in the affirmance category, you know, as opposed to the dismissal category because it is a legal question. The fact that I'm resolving it by virtue of waiver seems to me no less needing to be in the legal category, i.e. affirmance rather than dismissal. Do you have an opinion over whether a decision on the ground of waiver somehow ought to result in a dismissal rather than an affirmance? Your Honor, usually when I think waiver, I think affirmance. I do not think dismissal. If the court has no further questions, we would respectfully request that the court dismiss or affirm decision. Excuse me, dismiss the appeal or form the decision below. Thank you, Your Honor. Thank you, Mr. Grimaldi. Mr. Carpenter? Thank you, Your Honor. Let me just ask you two questions. Let's assume that you're right, that there was a duty on the part of the board to maximize benefits, and that, Prenu, you're on your rebuttal, and I was asking you the question of if we assume that there is a duty to maximize and assume that you have an argument that the board violated the kidney disability, why is your argument not forfeited in any event for two reasons? One, it wasn't raised before the Veterans Court, and two, it wasn't raised in your opening brief in this court. I believe the answer to that is the basis of the decision made by the Veterans Court. The decision by the Veterans Court was a conclusion that the board had not erred in a finding that the appellant was not eligible for benefits under 38 U.S.C. 1114 S.1 prior to 2012, and that is simply an incorrect statement of the law based upon the case law before the Veterans Court as early as 1990. Mr. Carpenter, this is Doug Dorena. So, are you saying that as long as there's a legal argument or a legal question is raised that this court has jurisdiction to hear that argument for the first time on appeal as long as it's a legal argument? I am saying that, Your Honor. I did not say that in my briefs, but I am in response to both your question and Judge Dyke's question. But you're well aware that this court has many times held that we cannot hear an argument or an issue for the first time on appeal. I am well aware of that, Your Honor, and I think this case brings into the light of day the fact that Congress has imposed an obligation on the part of the Veterans Court to ensure that the Secretary makes his decisions in accordance with law. Well, that may be the case, but that point should have been made to the Veterans Court. Absolutely. And then the answer of that question would come up on appeal. Except that, Your Honor, the Veterans Court ignored its own case law. In Akles in 1991, it said that it was the VA's policy to consider SMC where applicable. In 2008, in Bradley, the Veterans Court expanded that by noting that it was the VA's policy to address those issues and that it made clear that a claim was not required to be made by the Veteran. That when eligibility became evident on the basis of the record, that there was an affirmative duty on the part of the Veterans Court to adjudicate that issue and apply all applicable provisions of law when the matter got to the board on review on appeal. And that simply didn't happen in this case. To the contrary, the board narrowed its consideration, as Judge Moore correctly pointed out, to simply say that in 2003, our only basis was Denise and that didn't have a single disability that could be rated as totally disabling under the TDIU regulation. However, in this case, Your Honor, it wasn't until 2015, more than a dozen years later, that the VA corrected the fact that they had assigned an initial rating for the kidney disability of 0%. And they corrected that to a 60% rating going all the way back to January of 1999, an 80% rating in March of 2004, and a 100% rating in September of 2012. The statement of policy that the Secretary himself wrote at 3.103 does not say what the government said that the Secretary will try. It said that the Secretary had an obligation to render every benefit that was available under law. This benefit was available under law when the matter went to the board and the board made a decision that... Mr. Carpenter, that may be the case and you may have an interesting argument. But this is an appellate court. We hear appeals. We have to question before us to decide. And the question that you bring up to us is not one that we can decide because there is nothing to review here. We can move along. There's nothing here. Well, I have to respectfully disagree, Your Honor. This is either a system intended by Congress to correct mistakes, to ensure that the veteran gets the maximum benefit available under law based upon the evidence of record, and that it is the obligation of the Veterans Court to ensure that that happens. If I just finish the thought. Go ahead. It is the obligation of this court in its rule of law jurisdiction as well as its statutory provisions and regulatory provisions to determine whether or not the Veterans Court made its decision in accordance with law, which it did not. Thank you very much, Your Honor. Thank you, Mr. Carpenter. Thank you, Mr. Grimaldi. The case is submitted.